**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAZEN HASAN AGHA, on behalf of Plaintiff and a class,

Plaintiff,

v.

SOFI LENDING CORP.; SOFI TECHNOLOGIES, INC.; and JOHN DOES 1-10,

Defendants.

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1. Plaintiff brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. Plaintiff complains that Defendants SoFi Lending Corp. and SoFi Technologies, Inc., sent multiple telemarketing text message calls to Plaintiff even though he was on the National Do Not Call Registry, invading his privacy.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA affords special protections for people who registered their residential phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one text message call after being registered on the National Do Not Call Registry is entitled to recover damages of at least $500 per call, and up to $1,500 per call if the

TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing text message calls.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

8. Venue in this District is proper for the same reason.

9. Article III is satisfied by the receipt of harassing telemarketing calls. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

10. Plaintiff Mazen Hasan Agha is a resident of Cook County.

11. Mr. Agha has had his cell phone with number ending in 9174 listed on the National Do Not Call Registry since prior to July 1, 2021.

12. Defendant SoFi Lending Corp. is a California corporation with its principal place of business located at 2750 East Cottonwood Parkway, Suite 300, Cottonwood Heights, UT 84121. It is licensed to make loans in Illinois.

13. Defendant SoFi Technologies, Inc., is a Delaware corporation with its principal place of business located at 234 1st Street, San Francisco, California 94105. It is the parent of SoFi Lending Corp.

14. Defendants John Does 1-10 are other natural or artificial persons involved in the acts described below. Plaintiff does not know who they are.

## FACTS

15. Plaintiff is the subscriber, payor and user of a cell phone XXX-XXX-9174. He used it as his general phone, and it qualifies as a residential phone.

16. On at least the following dates, Defendants transmitted text message calls to Plaintiff for the purpose of selling financial services (Exhibit A):

a. October 18, 2022 at 5.18 pm;

b. March 27, 2023, at 3.45 pm.

17. SoFi Lending Corp. holds a license from the State of Illinois authorizing it to make personal loans to residents of Illinois.

18. The text messages invite the recipient to access a website, www.sofi.com, which offers various financial products for sale. (Exhibit B)

19. SoFi Technologies, Inc., is the entity which maintains the website, according to its most recent annual report on SEC Form 10-K (for the year ending December 31, 2022), original page 26.

20. Plaintiff did not consent to or invite such text message calls.

21. Plaintiff had never purchased anything from or engaged in a transaction with SoFi Technologies, Inc., SoFi Lending Corp., or any other SoFi entity within the eighteen months immediately preceding the date of the telephone call.

22. Plaintiff had not inquired or applied regarding products or services offered by SoFi Technologies, Inc., SoFi Lending Corp., or any other SoFi entity within the three months immediately preceding the date of the call.

23. Defendants' conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing text message calls and the text message calls took time to receive and read. Defendants' text message calls to Plaintiff intruded upon the rights of Plaintiff to

be free from invasion of his interest in seclusion.

24. Defendants' conduct caused Plaintiff and the putative class members to waste time and energy addressing and/or otherwise responding to the unwanted text message calls. By transmitting text message calls to Plaintiff, Defendants caused Plaintiff and the class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing text message calls, consumption of electricity in cost per-kilowatt required to charge the cell phone, consumption of money or purchased blocks of the text message calls, and wear and tear on the telephone equipment.

25. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶ 165) (2003).

26. The TCPA enacted to protect consumers from unwanted and unsolicited text message calls exactly like those alleged in this case.

27. Defendants either negligently or willfully violated the rights of Plaintiff and other recipients by transmitting text message calls.

28. The calls may have been wilful. _SoFi Technologies, Inc., states, in its most recent annual report on SEC Form 10-K (for the year ending December 31, 2022), original page 19, that " we are subject to the Federal Telephone Consumer Protection Act ('TCPA'), which regulates, among other things: (i) the use of automated telephone dialing systems to make certain calls or text messages to cellphones without prior consent, and (ii) certain calls and text messages to numbers properly registered on the federal do not call list without permission or an established business relationship, and the Federal CAN-SPAM Act and the Telemarketing Sales Rule, and analogous state laws, to the extent that we market credit or other products and services by use of email or telephone marketing." See also original page 54: "We must also comply with laws on advertising, as well as privacy laws, including the Telephone Consumer Protection Act (the 'TCPA'), the

Telemarketing Sales Rule, the CAN-SPAM Act . . . ."

**COUNT I – TCPA**

29. Plaintiff incorporates paragraphs 1-28.

30. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call or text message on their cell phone "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§227(c)(1), (c)(5); 47 C.F.R. §64.1200(c)(ii).

31. Statutory damages for each text message calls transmitted in violation of the TCPA's restrictions on sending messages to cell phone numbers registered on the National Do Not Call Registry are $500 per text message call and up to $1,500 per text message call if the violation is determined to be willful. See 47 U.S.C. §227(c)(5).

32. In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting the transmission of text message calls to cell phone numbers registered on the National Do Not Call Registry. See 47 U.S.C. §227(c)(5)(A).

33. By sending text message calls to the phone of Plaintiff after his number was registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §227(c)(1) and the implementing regulations.

**CLASS ALLEGATIONS**

34. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

35. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent more than one text message call by or on behalf of Defendants within any 12-month period (d) which offered loans or financial services (e) at phone numbers that had been on the National Do Not Call Registry for more than 31 days prior to the text message call.

36. The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

37. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. How Defendants compiled or obtained the list of persons called;

b. Whether Defendants screened the list of persons called against the National Do Not Call Registry;

c. Whether Defendants engaged in a pattern of sending text message calls to numbers on the National Do Not Call Registry;

d. Whether Defendants thereby violated the TCPA;

e. Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

f. Identification and involvement of the Does.

38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving TCPA violations and other unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

39. Plaintiff's claims are typical of the claims of the class members. All have the same legal and factual basis.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

41. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

i. Statutory damages;

ii. An injunction against further text message calls to telephones on the National Do Not Call Registry;

iii. Costs of suit;

iv. Such other or further relief as the Court deems just and proper.

**COUNT II – ILLINOIS CONSUMER FRAUD ACT**

42. Plaintiff incorporates ¶¶ 1-28.

43. Defendants engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by making text message calls to numbers on the National Do Not Call Registry.

44. Such calls are contrary to the TCPA.

45. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

46. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls. Plaintiff's phone was also unusable for the duration of the text message calls. Plaintiff's statutory right of privacy was invaded.

47. Defendants engaged in such conduct in the course of trade and commerce.

48. Defendants should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

49. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

50. The class consists of (a) all persons with phone numbers in Illinois area codes (b) who, on or after a date three years prior to the filing of this action (815 ILCS 505/10a), (c) were sent more than one text message or call by or on behalf of Defendants within any 12-month period (d) which offered loans or financial services (e) at phone numbers that had been on the National Do Not Call Registry for more than 31 days prior to the text message call.

51. The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

52. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. How Defendants compiled or obtained the list of persons called;

b. Whether Defendants screened the list of persons called against the National Do Not Call Registry;

c. Whether Defendants engaged in a pattern of sending text message calls to numbers on the National Do Not Call Registry;

d. Whether Defendants thereby violated the TCPA;

e. Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

f. Identification and involvement of the Does.

53. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving TCPA violations and other unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

54. Plaintiff's claims are typical of the claims of the class members. All have the same legal and factual basis

55. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

56. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

i. Actual damages;

ii. Punitive damages;

iii. An injunction against further text message calls to numbers on the National Do Not Call Registry;

iv. Attorney's fees, litigation expenses and costs of suit;

v. Such other or further relief as the Court deems just and proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather Kolbus (ARDC 6278239 )
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)